```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/6/20
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
    UNITED STATES,

                  -v-                     1:16-cr-179-GHW

    PETRONILA PERALTA,           ORDER

                  Defendant.
-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

    Petronila Peralta, sentenced to 90 months imprisonment for selling drugs and wire fraud, has moved the Court for compassionate release. Because she has not satisfied the statutory preconditions to the motion, the Court cannot act on the request. If it could, the Court would deny the request as framed because she has not shown an extraordinary and compelling reason for her compassionate release.

    **I.**    **BACKGROUND**

    On April 4, 2017, the Court sentenced Petronila Peralta to a term of 90 months imprisonment. Sentencing Transcript, Dkt. No. 53 ("Tr."), 21:10. That sentence was a guidelines sentence for her two very serious crimes of conviction: first, she was a significant drug trafficker. Ms. Peralta accepted responsibility for the distribution of at least 50 kilograms of cocaine. Tr. at 10:3-4. Second, Ms. Peralta abused a position of trust to commit wire fraud, with an intended loss of at least $550,000. Tr. at 10:13-14.

    On June 11, 2020, the Court received a letter motion from Ms. Peralta requesting that the Court reduce her sentence pursuant to 18 U.S.C. § 3582(c). Dkt. No. 69 (the "Motion"). Ms. Peralta bases her motion on the existence of COVID-19. She assets that she is "afraid of the

COVID-19 virus that makes it impossible to follow the CDC guidelines in prisons." Motion at 1. However, Ms. Peralta asserts that she is unaware of any cases of COVID-19 at her facility. *Id.* at 3. ("Although it is currently reported in that there are no cases here, but there are some in surrounding counties."). But she is concerned because staff members go home from the facility every day and are not confined to the facility. *Id.* Ms. Peralta also reports that she hopes to be released to care for her aging mother. She requests that the Court release her to home confinement.

## II.     LEGAL STANDARD

As a general rule, courts are prohibited from modifying a defendant's term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c) ("The court *may not* modify a term of imprisonment once it has been imposed except" in specified circumstances) (emphasis added). The statute provides for specific exceptions to that general rule: "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," "after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that--extraordinary and compelling circumstances warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the "factors set forth in section 3553(a) to the extent that they are applicable." *Id.* § 3582(c)(1)(A).

"Congress has delegated authority to the Sentencing Commission ('USSC') to 'describe what should be considered extraordinary and compelling reasons for sentence reduction.'" *United States v. Ebbers*, — F. Supp. 3d —, No. (S4) 02 Cr. 1144-3 (VEC), 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020) (quoting 28 U.S.C. § 994(t)). The relevant policy statement is U.S.S.G. § 1B1.13 (the "Policy Statement"). The Policy Statement states that a court may reduce a defendant's term of imprisonment

> if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—

2

> (1) (A) extraordinary and compelling reasons warrant the reduction; or
>
> (B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) the reduction is consistent with this policy statement.

1 U.S.S.G. § 1B1.13.

The commentary to the Policy Statement provides guidance regarding the circumstances in which "extraordinary and compelling reasons" for a reduction in a defendant's sentence exist.[1] The commentary highlights three particular grounds for such a finding: the medical condition of the defendant; the age of the defendant; and family circumstances. 1 U.S.S.G. § 1B1.13 cmt. n.1(A)-(C). The Court is not limited to the consideration of those factors alone, however. The Policy Statement anticipates that other reasons can support a finding of extraordinary and compelling circumstances that permit a sentence reduction. 1 U.S.S.G. § 1B1.13 cmt. n.1(D) (permitting a finding of extraordinary or compelling circumstances when "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C) [medical condition, age, and family circumstances of the defendant]"); *see also United States v. Millan*, No. 91-CR-685 (LAP), 2020 WL 1674058, at *6-7 (S.D.N.Y. Apr. 6, 2020) (outlining the discretion of district courts in evaluating extraordinary and compelling

---

[1] The Policy Statement has not been updated since the passage of the First Step Act of 2018 (the "First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194. The First Step Act amended 18 U.S.C. § 3582 to permit a defendant to bring a motion for compassionate release if the BOP chose not to file one on her behalf. The language of the Policy Statement does not reflect the fact that under the First Step Act, the Court will be making determinations regarding the existence of compelling and extraordinary circumstances without the input of the BOP. As the court observed in *Ebbers* the Policy Statement "is at least partly anachronistic because it has not yet been updated to reflect the new procedural innovations of the First Step Act. For example, it refers in its opening line to a 'motion of the Director of the Bureau of Prisons.'" *Ebbers*, 2020 WL 91399, at *4. Similarly, the commentary's formulation of the catch-all provision refers only to a determination by the BOP, not by a district court. 1 U.S.S.G. § 1B1.13 cmt. n.1(D) ("As determined by the Director of Prisons, there exists . . . .").

circumstances).

The Policy Statement states that the following medical conditions are sufficient to support a finding of extraordinary and compelling reasons for a reduction in a defendant's sentence:

> (A) Medical Condition of the Defendant.—
>
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory).  A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required.  Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—
> (I) suffering from a serious physical or medical condition,
> (II) suffering from a serious functional or cognitive impairment, or
> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

1 U.S.S.G. § 1B1.13 cmt. n.1(A).  According to the commentary to the Policy Statement, compelling medical conditions require a showing of a substantial, actual deterioration in the medical condition of the defendant—either "a terminal illness" or "a serious physical or medical condition . . . from which he or she is not expected to recover."

### III.     DISCUSSION

####     a.  **Ms. Peralta has not exhausted the statutory preconditions to her motion.**

The Court must deny Ms. Peralta's motion at this time because it is not apparent from her motion that she has taken the steps necessary to obtain the relief that she is requesting pursuant to the governing statute.  As described above, motions for compassionate release are governed by 18 U.S.C. § 3582(c)(1)(A).  Under the statute, an inmate must satisfy certain preconditions before bringing a motion for compassionate release to the Court.  In particular, an inmate must make a request to the warden of her facility to bring a compassionate release on her behalf before requesting

relief from the Court. *Id.* ("The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . ."). Ms. Peralta's motion provides no information regarding a request to the warden to make a motion on her behalf. The statute provides that the Court "may not" modify a term of imprisonment once it has been imposed unless the stated conditions are satisfied. The Court understands this clear and unmistakable mandate from Congress to prohibit the Court from granting this relief in situations where the statutory preconditions have not been satisfied.

Therefore, in order for Ms. Peralta to move this Court for compassionate release, she must first apply to the warden of her facility, requesting that the Bureau of Prisons make an application for compassionate release on her behalf. In the event that the BOP does not respond to the application within 30 days, the statute then permits Ms. Peralta to make an application to the Court. The Court requests that in any subsequent application, Ms. Peralta provide information regarding when and how she requested the warden of her facility to move for compassionate release on her behalf.

      b. **Ms. Peralta has not shown extraordinary and compelling reason for her release.**

The Court does not find that extraordinary and compelling circumstances exist to justify a reduction in Ms. Peralta's sentence. The mere fear of catching COVID-19 does not provide extraordinary or compelling reason for her early release. Ms. Peralta reports no current health conditions that place her at a high level of risk. And, at the time of sentencing, Ms. Peralta reported that she was in good health, with no pre-existing conditions that might lead a court to conclude that

5

the risk to her from COVID-19 was particularly high.  *See* Tr. at 23:17-18.

### IV.    CONCLUSION

Because Ms. Peralta has not satisfied the statutory preconditions to her motion, and, in any event, her motion fails to establish the existence of an extraordinary and compelling reason for her release, the Motion is denied.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 69 and to mail a copy of this order to Ms. Peralta.

SO ORDERED.

Dated: July 5, 2020

                                                    GREGORY H. WOODS
                                                    United States District Judge